THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:15-cr-00037-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| SANTIAGO SANCHEZ, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Retroactive Application of the Sentencing Guidelines Pursuant to Amendment 821 – Part B" [Doc. 37].

The Defendant Santiago Sanchez was convicted of possessing multiple firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). A Presentence Report was prepared in advance of sentencing, which determined a total offense level of 37. [Doc. 31: PSR at ¶ 47]. The probation office further determined that the Defendant had one criminal history point, which established a criminal history category of I. [Id. at ¶¶ 52-53]. That criminal history category, when combined with a total offense level of 37, resulted in a guideline range of 210 to 262 months' imprisonment. [Id. at ¶ 72]. On April 21, 2016, the Court sentenced the

Defendant to a term of 210 months' imprisonment. [Doc. 35]. The Defendant did not appeal.

The Defendant, proceeding *pro se*, now moves for a reduction of his sentence pursuant to Part B of Amendment 821 to the United States Sentencing Guidelines. [Doc. 37].

Part B of Amendment 821, effective November 1, 2023, amended the offense-level calculation for certain zero-point offenders. As revised, § 4C1.1 provides for "a decrease of two levels . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." U.S.S.C. Supp. to App'x, Am. 821 at 242; U.S.S.G. § 4C1.1 (2023). The Sentencing Commission has made Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under § 3582(c)(2). U.S.S.G. Amend. 825; see U.S.S.G. § 1B1.10(d).

The Defendant, however, is not eligible for relief under Amendment 821. At the time of sentencing, the Defendant was assessed one criminal history point. As such, Part B of Amendment 821 affords him no relief. Accordingly, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Retroactive Application of the Sentencing Guidelines Pursuant to Amendment 821 – Part B" [Doc. 37] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 1, 2024

Martin Reidinger
Chief United States District Judge